Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1252 | **DATE** | July 24, 2012 |
| **CASE TITLE** | Lewanda Hamilton and Felica Wright v. Group O, Inc. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for a new trial and to alter judgment [127] is DENIED.

## STATEMENT

### Introduction

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964. Plaintiff sued Defendant for retaliation for engaging in protected activity. Specifically, Plaintiff alleged that Defendant fired her because she provided sworn deposition testimony in a sexual harassment case brought by a co-worker of Plaintiff's against a former supervisory employee of Defendant's. Defendant claims that Plaintiff was terminated because of a birthday invitation that was circulating around the office that contained several semi-nude and nude photographs of Plaintiff, not because of her testimony in the harassment suit. The case was tried by jury and on December 16, 2011 a verdict was returned in favor of Defendant and against Plaintiff.

On January 13, 2012, Plaintiff filed the instant motion for a new trial and to alter judgment pursuant to Fed. R. Civ. P. 59. Plaintiff argues that she is entitled to a new trial for two reasons. First, because the trial judge gave a confusing and incomplete jury instruction regarding causation, and second because the trial judge improperly excluded evidence of other instances of sexual harassment at Defendant's customer's facility. For the following reasons, the motion is denied.

### Factual Background

Prior to jury deliberations, the trial judge held a jury instruction conference at which Plaintiff submitted the following jury instruction, modeled after Seventh Circuit Pattern Jury Instruction 3.02, on causation:

> Plaintiff claims that the defendant violated Title VII by retaliating against her for testifying in a

co-worker's sexual harassment lawsuit against Defendant. Retaliation consists of any action that would deter a reasonable worker from testifying in a sexual harassment lawsuit. To succeed on Plaintiff's retaliation claim, Felicia must prove by a preponderance of the evidence that Defendant terminated her because she testified in her co-worker's lawsuit. To determine that the Plaintiff was terminated because she testified in said co-worker's lawsuit, you must decide that Defendant would not have terminated Plaintiff if she had not testified in her co-worker's lawsuit but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

The trial judge opted instead for Defendant's proposed jury instruction, modeled after Eighth Circuit Pattern Jury Instruction 5.61:

Your verdict must be for the plaintiff and against the defendant on the plaintiff's retaliation claim if all the following elements have been proved:

*First*, the plaintiff testified in a co-worker's sexual harassment lawsuit against Defendant; and

*Second*, the defendant discharged the plaintiff; and

*Third*, the plaintiff's act of testifying in a co-worker's sexual harassment lawsuit against defendant was a determining factor in the defendant's decision to discharge the plaintiff.

If any of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim.

The plaintiff's testimony in a co-worker's lawsuit was a "determining factor" only if the defendant would not have discharged the plaintiff but for the plaintiff's act of testifying in a co-workers sexual harassment lawsuit against Defendant; it does not require that the plaintiff's act of testifying in a co-worker's lawsuit was the only reason for the decision made by the defendant.

Upon the trial judge's decision to use Defendant's proposed jury instruction, Plaintiff requested that the following language–which appears in the Eighth Circuit Pattern Instruction but was removed by Defendant–be added:

You may find that Plaintiff's deposition testimony in her co-worker's lawsuit was a determining factor in the defendant's decision if it has been proved that the defendant's stated reason for its decision is a pretext to hide discrimination.

The trial judge rejected the additional language as superfluous to the causation standard properly set forth by Defendant's proposed instruction.

The case went to the jury. During deliberations, the jury requested clarification from the court as to the "determining factor" standard in the retaliation instruction. The court held a telephone conference with both

sides wherein defense counsel told the trial judge that Defendant had no objection to the Court providing the jury with the Seventh Circuit Pattern Instruction on retaliation that Plaintiff had originally proposed. At this point, however, Plaintiff's attorney objected to providing the Seventh Circuit instruction to the jury and asked that the jury not be provided with any further clarification. The court notified the jury that it would not be given any additional clarification regarding the determining factor language and shortly thereafter the jury rendered its verdict in favor of Defendant.

Analysis

The facts of this case are close enough to *Sims v. Mulcahy*, 902 F.2d 524, (7th Cir. 1990) for this court to say with confidence that Plaintiff waived her right to seek a new trial based on failure to give the Seventh Circuit Pattern Instruction when Plaintiff declined to have the trial judge issue that very instruction when the jury sought clarification on the "determining factor" language. It is true that here, unlike in *Sims*, Plaintiff complied with Fed. R. Civ. P. 51(c) and timely objected to the Eighth Circuit Pattern Instruction prior to its delivery to the jury. However, it is equally clear that Plaintiff's counsel had a fair opportunity to resolve any confusion arising from the Eighth Circuit Pattern Instruction by having the court deliver counsel's preferred instruction and he expressly declined to do so. I do not buy Plaintiff's argument that the jury at that point was so tainted by the Eighth Circuit Pattern Instruction that delivering the Seventh Circuit Pattern Instruction would have only added to their confusion. To the contrary, both instructions contain entirely accurate explanations of the causation standard for Title VII claims. If anything, the Eighth Circuit Pattern Instruction is more favorable to Plaintiff because it expressly states that a determining factor need not be the *only* reason for the defendant's decision (contrast with the Seventh Circuit's "everything else being the same" provision). While Rule 51(c) does not envision this particular set of circumstances, the rule is designed largely to promote judicial economy and that interest is hardly furthered by allowing parties to reverse course on an objection mid-stream, and then get a second bite at the apple if things do not go their way.

Even if Plaintiff did not waive her right to seek a new trial on these grounds, I see no grounds for granting the motion on its merits. A district court's decision to give a particular jury instruction is reviewed for an abuse of discretion. *U.S. v. Tanner*, 628 F.3d 890, 904 (7th Cir. 2010). While I am obviously not reviewing this case on appeal, this standard counsels that I give substantial deference to the trial judge's determinations. The decision to give the Eighth Circuit Pattern Instruction was well within the bounds of appropriate exercise of the trial judge's discretion. The Eighth Circuit Pattern Instruction is broken down into three simple elements that are easy for a jury to understand, and the "determining factor"explanation is a completely accurate representation of the Title VII causation standard. It was also well within the trial judge's appropriate exercise of discretion to determine that the paragraph on pretext was unnecessarily duplicative and would only serve to confuse the jury.

*Cook v. IPC International Corp.*, 673 F.3d 625 (7th Cir. 2012) does not help Plaintiff. As the Seventh Circuit found, in that case there were not competing causation arguments and therefore the "motivating factor" language was irrelevant. Here, there are two competing causation arguments–deposition testimony versus birthday invitation–and therefore the "determining factor" language was entirely appropriate. The other issue in *Cook*, whether there was enough evidence to give a certain instruction, is not raised by Plaintiff and did not come up in this case.

Finally, the trial judge did not abuse his discretion in refusing to admit evidence of unrelated allegations of sexual harassment against the Defendants. Assuming this evidence would have cast doubt on Defendant's claim of having a zero tolerance sexual harassment policy, I do not see how that would affect the jury's

| STATEMENT |
|---|

determination that Plaintiff's firing was based on the birthday invitation alone. Plaintiff cannot meet her "heavy burden" of showing an abuse of discretion or that the exclusion of this evidence denied her a fair trial. *Alverio v. Sam's Warehouse Club, Inc.*, 253 F.3d 933, 942 (7th Cir. 2001).

Conclusion

For the foregoing reasons, Plaintiff's Rule 59 motion for a new trial and to amend judgment is DENIED.